32 F.3d 569
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence Stephen JAMES, Defendant-Appellant.
 No. 93-5491.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Clarence Stephen James appeals the district court's denial of his motion for a new trial. For the reasons set forth below, we affirm.
 
 
 2
 * On February 23, 1991, Mr. James was drinking at "Changes", a bar in Memphis, Tennessee. A woman seated with James told the bartender that James had a gun. James's waitress, Connie Rahm, went to see if he was in fact carrying a gun. After seeing a gun tucked in James's jeans, Rahm called 911.
 
 
 3
 Officers Mary Ann Dooley and Wayne Oliver of the Memphis Police Department responded to the call. The officers approached the defendant and, upon patting him down, found a loaded pistol with the safety off in James's right front pocket. James first told the officers that he was a reserve officer with the Memphis Police Department. Upon questioning, he changed his story and said that he needed the gun for protection. After being placed in the squad car and having his rights read to him, James again changed his story, this time telling the officers that he found the gun.
 
 
 4
 On August 28, 1991 a federal grand jury returned an indictment charging James with being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). James pleaded not guilty and a jury trial ensued.
 
 
 5
 At trial, James testified that he was on the way home from drinking with a friend when he found the gun in front of Gwatney Chevrolet. James said that he picked the gun up because he knew there was a school and a church in the area and he was concerned that a child might find the gun and hurt himself. James testified that, after finding the gun, he walked to Changes to call his employer, whose father had ties to the Sheriff's department. James said that he called his employer and asked him to come and retrieve the gun and to give it to his father, but the employer reportedly fell asleep and never came to get the gun. James said that while he was waiting at the bar for his employer, he was arrested. However, Connie Rahm, James's waitress at Changes, testified that James had been at the bar for several hours prior to his arrest and that she served him alcoholic drinks.
 
 
 6
 Testimony revealed that the gun had been stolen from the car of Brenda Hall at the Raleigh Woods Apartments on the same evening. The government offered circumstantial evidence that James had stolen the gun. James denied stealing the gun, insisting that he simply found it.
 
 
 7
 James was found guilty by a jury and sentenced to 188 months imprisonment followed by five years supervised release.[1] This appeal followed.
 
 II
 A. JURY INSTRUCTION
 
 8
 James's first argument on appeal is that the district court committed error by failing to charge the jury on a justification defense as requested by defendant. This Court has adopted a four factor test for the justification defense for possession of a firearm by a felon. United States v. Singleton, 902 F.2d 471 (6th Cir.1990). To prove the defense, a defendant must show:
 
 
 9
 (1) that defendant was under an unlawful and "present, imminent, and impending [threat] of such a nature as to induce a well-grounded apprehension of death or serious bodily injury";
 
 
 10
 (2) that defendant had not "recklessly or negligently placed himself in a situation in which it was probable that he would be [forced to choose the criminal conduct]";
 
 
 11
 (3) that defendant had no "reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm' "; and
 
 
 12
 (4) "that a direct causal relationship may be reasonably anticipated between the [criminal] action taken and the avoidance of the [threatened] harm."
 
 
 13
 Id. at 472 (citations omitted). This Court stated that "[t]he justification defense for possession of a firearm by a felon should be construed very narrowly" and that the defense will only "arise in rare situations." Id.
 
 
 14
 This is not such a "rare" situation. James gave police officers three different explanations for his possession of the gun, none of which was credible. James was not under a threat of impending death or serious injury; he had a myriad of legal alternatives available to him; and there was no causal relationship between his actions and the avoidance of a threatened harm. Clearly, James cannot claim the justification defense for his actions. We find that James's argument for an extension of the justification defense is unwarranted and necessarily fails.
 
 B. MOTION FOR NEW TRIAL
 
 15
 James's second argument on appeal is that the district court committed error by failing to grant his motion for a new trial. James contends he obtained evidence after the trial that a black male had been detained and released as the suspected prowler in the Raleigh Woods Apartments on the night the gun was stolen, and that this evidence warrants a new trial. James argues that this evidence would undermine the government's circumstantial evidence that he stole the firearm and that, with this evidence, the jury would have reached a different verdict.
 
 
 16
 The decision of whether to grant or deny a motion for a new trial is vested within the sound discretion of the district court and is reviewed for abuse of discretion. United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). The burden is on a defendant to prove that a new trial is necessary, and such motions should be granted sparingly and with caution. Id.
 
 
 17
 In order for the defendant to meet his burden of proving that a new trial is warranted, he must prove: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal. United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied 484 U.S. 859 (1987).
 
 
 18
 We find that a new trial is not warranted because James cannot prove either the third or the fourth factor. The "new" evidence James wishes to introduce is not material to the offense of conviction, that is, possession of a firearm by a felon, but is aimed solely at the collateral issue of the theft of the firearm. Furthermore, the evidence appears to be aimed at impeaching officer Oliver's testimony raising the possibility that James stole the gun. Finally, this collateral evidence does not make it likely that an acquittal would occur if the evidence were introduced.
 
 
 19
 In denying the motion the district court stated:
 
 
 20
 Mr. James was illegally in possession of a firearm. He is a convicted felon. He possessed the firearm inside a restaurant ... when arrested, he had the firearm. The Court concludes that even if someone else burglarized cars in the same area, this extraneous matter the defense calls newly discovered evidence, which is more like a new legal theory, would not change the outcome of this case in any way.
 
 
 21
 We agree with the finding of the district court and hold that it was not an abuse of discretion to deny James's motion for a new trial.
 
 III
 
 22
 For the foregoing reasons, the district court's denial of defendant's motion for a new trial is AFFIRMED.
 
 
 23
 BOYCE F. MARTIN, JR., Circuit Judge, concurring.
 
 
 24
 I join the decision to affirm Mr. James' conviction and the district court's denial of his motion for a new trial. I do not join in footnote 1 of the opinion, which I think bears no relationship to the issues on appeal.
 
 
 
 [1]
 James has an impressive criminal history. He has already served 10 years pursuant to his plea of guilty to two counts of rape, one count of assault to murder, two counts of larceny, four counts of crimes against nature, one count of kidnapping and one count of assault and battery on a female over 12 years of age with intent to have unlawful carnal knowledge. While on parole from that sentence, he committed another offense resulting in his ultimately pleading guilty to sexual battery and first degree burglary; he again served a prison sentence and was paroled